Curia, per Withers, J.
The first question is, whether, upon suggestion filed, issue joined, trial and verdict, after recovery upon the sheriff’s official bond,-tax costs are recoverable by the officers of court*
*351 The case of the Treasurers v. Bates prescribed the practice proper to be pursued, where sundry breaches of the sheriff’s bond were alleged by various persons. An action, was ruled, should be brought in the name of the obligee the bond, and upon the factum being established, judgment should be entered for the penalty. Such judgment should stand as a security for any prior or subsequent breach of the bond ; and that any one, who may conceive himself aggrieved by the misconduct of the sheriff, should have the right to come in and suggest the breach of the bond of which he complains, and pray execution for his damages; and u-pon serving a thirty day rule, requiring plea to the suggestion, may, for default of plea, or upon issue joined, have his damages assessed'by a jury, and have execution for the penalty to enforce the payment of the damages assessed.
In such proceeding, to which the case before us conforms, issues, by regular steps of pleading, are made np'as matter of right, and a trial follows in regular form. In such case, according to Todd v. Stroud, the party prevailing is.entitled to costs. It was considered in the case cited, that a suggestion well supplied the place of a declaration in an ordinary case, nor is any good reason now perceived to dispute that proposition. Undoubtedly every other step in the litigation is, eo nomine, known to our fee bills of 1827 and 1839. This view leaves entirely untouched the position, that costs are the creatures of statute, except only in cases where the court may require in advance that a parly shall agree to become bound for the costs on a contingency stipulated. We cannot avoid this conclusion, although it was set down as a recommendation of the rule of practice prescribed in the Treasurers v. Bates, that a multiplicity of suits might be avoided. It is something if the number can be reduced, or the expense of any diminished. If, for this end, a resort to equity may appear more efficacious, those interested will act accordingly. It follows that it was proper to tax costs in the case before us.
The other question relates to the legality of the several items that appear upon the brief.
By a careful examination of the fee bill of 1839, the clerk appears to be entitled to each of the items embraced in the charges made in this case on his behalf, except “ notice, 50 cents.” Each item taxed for the attorney is legitimate, according to the Act of 1827, except the said item- set down as “ notice, $4.” A rule is required to be served, as we have seen. For that, by the Act of 1827, the attorney is entitled to only $2, and for the clerk there does not appear to be any item of costs for the rule required in this case. Indeed it is supposed that is to be issued by the attorney for the complainant, and served by the sheriff. The taxation is ordered to be reformed by reducing the item allowed to the attorney *352 , for notice to two dollars, instead of four; and that this charge be entered “ for rale,” and striking out fifty cents, allowed to ' the clerk for notice. I think it is doubtful, however, whether the charge of “25 cents for satisfaction,” is not at least premature; and I believe it is quite usual for the clerks to tax this item in the. outset in all cases. Now suppose the defendant never pays the debt or costs, and the plaintiff pays the latter, in such case the service of entering satisfaction is never performed. It seems to tny mind clear, that it would be wrong to require the plaintiff to pay that item, in the case supposed. The same remark would apply to a case in which the defendant might make only a partial payment. These observations are madé out of caution, that we may not be committed upon the subject to which they relate.
They may not be applicable to the particular case before us. The Circuit Judge determined only that costs were to be taxed, as of right, and holding him to be correct in this, the motion is dismissed.
The whole Court concurred.

Motion refused.